. ESTELLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 20, 1920.)

No. 3556.

Post office ⊙═49—Conviction of using mails to defraud supported by evidence.

Evidence that a defendant knew of the preparation by his partner of a false and fraudulent claim for money on behalf of the firm and the mailing of such claim with a letter to the person charged, *held* to support a conviction for using the mails to defraud, under Criminal Code, § 215 (Comp. St. § 10385).

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against J. L. Estelle and H. A. Dixon. Judgment of conviction, and defendants bring error. Affirmed.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William Ervin Terrell, of Waco, Tex., for plaintiffs in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The indictment in this case charged that J. L. Estelle and H. A. Dixon (herein called the defendants) deposited or caused to be deposited a letter in the mail for the purpose of executing a scheme to defraud devised by them, in violation of section 215 of the Criminal Code (Comp. St. § 10385). Averments of the indictment showed that at and prior to the time of the commission of the alleged offense the defendants were engaged in business as undertakers in the city of Waco, Tex., doing business in the name of Estelle-Dixon Undertaking Company; that prior to the alleged mailing of a letter they received at their undertaking establishment, to be prepared for burial, the body of an old unknown negro, who had been killed while on the St. Louis Southwestern Railway Company's bridge across the Brazos river at Waco; and that they had said body buried in the potter's field near Waco, where paupers are buried without charge for grave space, without the body being embalmed, and without it being prepared for burial, otherwise than by placing it in a cheap pine box, the body when buried being clothed only with the clothing worn by the deceased before his death. The alleged scheme to defraud consisted in devising the making and sending to the claim department of the railway company mentioned a bill or claim for services rendered and material and labor used in the preparation for burial and in the burial of said body, which bill or claim was false and fraudulent, in that it was to, and did, include, among other items, a charge of $25 for embalming said body, a charge of $15 for a burial robe, a charge of $150 for a casket, and a charge of $10 for grave space, none of which things were done or furnished.

The defendant Dixon died after the suing out of the writ of error to review the judgment of conviction of both defendants. The principal contention made in behalf of Estelle is that there was no evidence tending to prove that he was a party to the fraudulent scheme charged, and that the court erred in refusing a request that a verdict in his favor be directed. Estelle was a witness in his own behalf. He admitted that he knew at the time of the preparation by his partner, Dixon, of the bill or claim containing the false items mentioned, and of the mailing of that bill or claim and the letter accompanying it. Those admissions, and other admissions by the witness as to his conduct when the circumstances of the burial were being investigated, considered in connection with other evidence adduced, furnished support for a finding that Estelle, with knowledge of the fraudulent scheme, acquiesced in it and in the use of the mails in furtherance of it. The court did not err in refusing the request that a verdict in favor of Estelle be directed.

A witness testified as to the dictating by Dixon of the letter which was mailed with the bill or claim mentioned, and that that letter was left by the witness on a desk in defendants' undertaking establishment. Over Estelle's objection that witness was permitted to answer a ques-

tion as to the custom of Estelle about reading letters dictated by Dixon and left on that desk. If the overruling of that objection was error, the error is not one which would warrant a reversal of the judgment, as Estelle admitted that he knew, at the time, of the preparation and contents of the letter dictated by Dixon, and of the mailing of it.

The record does not show the commission of any reversible error. The judgment is affirmed.